# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **RANDALL J. KEYSTONE,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:18CV00334 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DR. E. MCDUFFY,** *et al.*, | ) | By: Hon. Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Randall J. Keystone, a state inmate proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 on or about October 25, 2018. Court records reflect, and Keystone admits, that he has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, malicious, or failing to state a claim before filing this action. *See Keystone v. Baskerville*, No. 2:00cv00173 (E.D. Va. July 10, 2000) (failure to state a claim and frivolous); *Keystone v. Perron*, No. 2:00cv00765 (E.D. Va. March 19, 2001) (frivolous); *Keystone v. Va. Dep't of Corrs.*, No. 2:00cv00265 (E.D. Va. July 10, 2000) (failure to state a claim and frivolous); *Keystone v. Barnes*, No. 2:00cv00366 (E.D. Va. July 12, 2000) (failure to state a claim and frivolous); *Keystone v. Hinkle*, No. 7:12cv00155 (W.D. Va. Nov. 1, 2012) (failure to state a claim); *Keystone v. Scarberry*, No. 7:13cv00399 (W.D. Va. Sept. 4, 2013) (dismissed without prejudice as frivolous); *Keystone v. Scarberry*, No. 7:13cv00572 (W.D. Va. Feb. 11, 2014) (dismissed without prejudice as frivolous). As Keystone has not prepaid the filing fee, he can proceed with this case only if he shows imminent danger related to his claims. 28 U.S.C. § 1915(g).[1]

---

[1] Under 28 U.S.C. § 1915(g), a federal civil action by a prisoner seeking to proceed in forma pauperis must prepay the filing fee if he:
> has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct." *Springer v. Day*, No. 7:16cv00261, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). "A court may challenge a Plaintiff's allegation of imminent danger. Considering the large number of Plaintiff's filings, . . . and the resources needed to decipher Plaintiff's Complaints, it is appropriate for the Court to examine the 'reasonableness and necessity of permitting further unrestrained use of the right of free access to the courts by this litigant." *Brown v. City of Phila.*, Nos. 05-4160, 06-2496, 06-5408, 08-3369, 2009 WL 1011966, at *1 (E.D. Pa. Apr. 14, 2009) (quoting *In re Francis Lee Jenkins*, No. 88-0068, slip op. at 2 (E.D. Pa. Feb 5, 1988)), *aff'd*, 331 F. App'x 898 (3d Cir. 2009). Consequently, an inquiry into the allegation is needed to determine whether the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(g). Plaintiff bears the burden of showing imminent danger because the record already establishes Plaintiff's numerous strikes. *Id.*, 2009 WL 1011966, at *10.

After reviewing Plaintiff's submissions in this civil action and construing the complaint in Plaintiff's favor, I find no (1) imminent danger, or (2) constitutional claim[2] in the complaint. Plaintiff alleges that he is in imminent danger because of a serious phobia of the types of dogs kept at the prison.[3] He avers that Red Onion State Prison previously did not have dogs, but officers now bring dogs into the yard every day, and he has suffered PTSD flashbacks, "bloody thoughts" of being attacked, worry, stress, depression, and nightmares. He also states that the

---

[2] Plaintiff created a specific section in his complaint detailing why his fear of dogs satisfies the requirements of the imminent danger exception. Meanwhile, his complaint lists other alleged constitutional violations in his four underlying claims:
    (1) denial of medical care to treat his fear of dogs (after refusing prescribed medication on two occasions);
    (2) failure to provide a transfer;
    (3) forcing him into the re-entry program; and
    (4) refusal to correct good-time credit losses.
None of the other claims implicate imminent danger of a serious physical injury.

[3] Plaintiff asserts that he loves most dogs; however, as a child, he was attacked by a German Shepard and a Doberman Pinscher.

dogs' handlers play mean pranks by having the dogs bark, jump, and lunge at offenders. He feels he cannot leave his cell-block, which he greatly dislikes, to participate in "re-entry" because of the presence of dogs in the re-entry pods. Therefore, he argues, his rights are violated because he should not be subjected to such trauma.

Allegations of psychological harm that do not result in imminent danger of serious physical injury are insufficient as a matter of law under the three strikes statute to qualify for the imminent danger exception. *Sanders v. Melvin*, 873 F.3d 957, 959-60 (7th Cir. 2017) ("Mental deterioration, however, is a psychological rather than a physical problem. Physical problems can cause psychological ones, and the reverse, but the statute supposes that it is possible to distinguish them. A claim of long-term psychological deterioration is on the psychological side of the line. Prisoners facing long-term psychological problems can save up during that long term and pay the filing fee."); *but see Wallace v. Baldwin*, 895 F.3d 481, 485 (7th Cir. 2018) (finding imminent danger when plaintiff alleged that prolonged segregation predisposed him to self-harm because he had a history of mental illness and attempted self-harm).

Plaintiff cannot satisfy the imminent danger exception. Plaintiff has not alleged that correctional officer dog handlers have threatened him, that dogs have previously attacked him, or that there is some plan to have him attacked by dogs. Further, he has not alleged that he is in imminent danger of serious physical injury because of dog-related psychological harm.

Regardless, Plaintiff cannot satisfy the imminent danger exception because his conditions of confinement allegations do not state an actionable claim under § 1983. In general,

> A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety,' a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions. Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause.

3

*Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994) (internal quotation marks and citations omitted). The United States District Court for the Northern District of Iowa reviewed a complaint similar to Plaintiff's: "[t]he plaintiff has no right to incarceration in a prison of his choice, that is, a prison without dogs." *Kimbrough v. Fort Dodge Corr. Facility*, No. C13-3005-MWB, 2013 WL 4670277, at *4 (N.D. Iowa, Aug. 30, 2013) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)). The district court continued:

> In addition, the plaintiff's generalized fear of harm that might occur as a result of having dogs within the prison does not give rise to a sufficiently substantial risk of serious harm; the conditions of the plaintiff's confinement are not sufficiently serious to establish an Eighth Amendment claim, that is, they do not present an extreme risk that results in the denial of the minimal civilized measure of life's necessities. The plaintiff's fear of dogs is essentially no different than an inmate's generalized fear of being assaulted by another individual while confined. Those types of fear are not enough to establish a constitutional violation.

*Id.* "Because the use of dogs within a prison strikes the court as a reasonable means to ensure the safety of all inmates, the defendants cannot be held liable." *Id.*[4]

I agree. First, Plaintiff is not entitled to incarceration in a prison or cell-block without dogs. Second, Plaintiff's alleged deprivation is not sufficiently serious. The presence of dogs that Plaintiff has feared since childhood does not sustain a constitutional violation; it is a simple fact of prison-life that inmates may be compulsorily accompanied by guard dogs.

Plaintiff has three strikes and his complaint fails to demonstrate imminent danger. Accordingly, I will dismiss the complaint without prejudice pursuant to § 1915(g). An appropriate order will issue this day. The clerk will mail Plaintiff a copy of that order and this memorandum opinion.

---

[4] Plaintiff acknowledges as much. He concedes that prison officials have introduced dogs to the prison to alleviate security and safety issues.

**ENTER:** This __20th__ day of November, 2018.

_/s/ Norman K. Moon_
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE